No. 69,868

STATE OF KANSAS, *Appellee*, v. ANDRE JACKSON, *Appellant.*
(874 P.2d 1138)

Opinion filed May 27, 1994.

*M. Kristine Savage*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellant.

*David Lowden*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: Pursuant to a plea agreement, the defendant, Andre Jackson, pleaded guilty to one count of aggravated kidnapping, three counts of aggravated robbery, one count of aggravated battery, and one count of kidnapping. Under the plea

agreement, the State agreed not to file charges against Jackson for two other robberies. The State also agreed to, and did, recommend a life sentence on the aggravated kidnapping count and concurrent sentences for the remaining counts, for a controlling term of life imprisonment. This is the sentence the trial court imposed.

After the defendant pleaded guilty, he waived a presentence investigation and was sentenced as recommended in the plea agreement. Some three weeks later, he filed a pro se motion to withdraw his guilty plea, claiming that he was coerced into pleading guilty by his attorney, that he had ineffective assistance of counsel, and that he had discovered new evidence, and he requested appointment of new counsel. His motion was denied without a hearing.

The defendant contends he was denied due process of law when the trial court denied his motion to withdraw his guilty plea without a hearing and without appointing counsel to represent him.

Jackson's handwritten motion to withdraw his guilty plea stated in pertinent part as follows:

"My purpose of withdrawing my plea
1.) On Novenmber [sic] 13, 1992 I was extremly [sic] pressured and press [sic] into this plea.
2.) Insuffent [sic] cousel [sic] toward the case.
3.) Compeled [sic] to plea
4.) Also new evidence found in the case."

His request for appointment of counsel stated in pertinent part:

"1.) On Nov 13 1992 motion to withdraw plea was filled [sic] in the above captioned case.
2.) One of the allgation [sic] in the motion to withdraw my plea—was that my attorney corced [sic] me into pleaing [sic] guilty
3.) That I am finacially [sic] unable to hire an attorney to represent me in the above case
4.) That my rights to counsel would be violated if I am represented by the same counsel who I am saying corced [sic] me."

In neither of these pro se motions did Jackson indicate what new evidence was discovered or how it was discovered, nor did he

allege any evidentiary basis for his claims of insufficient counsel and coercion.

K.S.A. 22-3210 controls the entry of pleas of guilty and nolo contendere. Subsection (d) sets forth the circumstances which permit a defendant to withdraw a plea of guilty or nolo contendere:

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

Hence, after sentencing a defendant may be permitted to withdraw his guilty plea only if to do so would correct manifest injustice. See *State v. Dunham*, 213 Kan. 469, 474, 517 P.2d 150 (1972). "The decision to deny a motion to withdraw a plea of guilty lies within the sound discretion of the trial court, and it will not be disturbed on appeal absent a showing that the trial court abused its discretion." *State v. Hill*, 247 Kan. 377, Syl. ¶ 2, 799 P.2d 997 (1990).

"Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. [Citation omitted.] A party claiming an abuse of trial court discretion bears the burden of showing abuse of discretion. [Citation omitted.]" *State v. Larry*, 252 Kan. 92, 95, 843 P.2d 198 (1992).

Jackson's argument is not that the court abused its discretion in denying his motion to withdraw guilty plea because withdrawal was necessary to correct manifest injustice, but that the court abused its discretion and violated his right to due process by summarily denying his motion without a hearing and without appointing counsel. He argues that in his case the determination of manifest injustice cannot be made by merely reviewing his motion and the record of his guilty plea; thus, a hearing and appointment of counsel was necessary before a decision on the motion could be made. Jackson points to the transcript of his guilty plea hearing, which he claims shows that he was dissatisfied with his court-

appointed attorney's representation and that he had attempted to retain an attorney before he agreed to plead guilty.

Although K.S.A. 22-3210(d) sets forth the circumstances under which a guilty plea may be withdrawn, that statute is silent on the procedures governing a motion to withdraw guilty plea. Neither the statute nor case law on K.S.A. 22-3210(d) motions clearly specify whether and in what circumstances a hearing or appointment of counsel is required.

Both the State and the defendant suggest that the procedures governing hearings on K.S.A. 60-1507 motions and motions for new trial under K.S.A. 22-3501 provide guidance for hearings on K.S.A. 22-3210(d) motions. We agree. Indeed, this court has in the past addressed motions to withdraw pleas of guilty or nolo contendere which have been pursued as 60-1507 motions. See *Hicks v. State*, 220 Kan. 279, 552 P.2d 889 (1976); *Morrow v. State*, 219 Kan. 442, 548 P.2d 727 (1976); *Rhone v. State*, 211 Kan. 206, 505 P.2d 673 (1973). K.S.A. 60-1507(b) requires a hearing on a 60-1507 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

This court has also held that when a post-verdict motion for a new trial based on newly discovered evidence (K.S.A. 22-3501) is filed after sentence has been imposed, it is comparable to the procedure provided under K.S.A. 60-1507. *State v. Dunn*, 243 Kan. 414, 436, 758 P.2d 718 (1988); *State v. Bryant*, 227 Kan. 385, 391, 607 P.2d 66 (1980). K.S.A. 22-3501 permits the granting of a new trial "if required in the interest of justice." In *Bryant*, the motion for a new trial was filed less than one-and-a-half months after a jury verdict of guilty and less than two weeks after sentencing, and the denial of this motion was the subject of appeal. The alleged new evidence was that a main witness against the defendant had recanted his testimony. The district court made a preliminary inquiry into the alleged new evidence, at which time the witness repudiated his recantation. The court then denied the defendant's motion for a new trial without further hearing. 227 Kan. at 389-90. This court held that there was no abuse of discretion in failing to conduct a full evidentiary hearing, noting that

under K.S.A. 60-1507 the district court "normally conducts a preliminary inquiry to determine whether the claims asserted in the motion are substantial, before granting a full evidentiary hearing and requiring the petitioner to be present." 227 Kan. at 391.

The K.S.A. 60-1507 procedure governing hearings should apply to motions to withdraw guilty plea filed after imposition of sentence. Requiring a hearing in every case in which a defendant seeks to withdraw his plea of guilty or nolo contendere would create an extreme burden on the courts, and such a rule is not feasible or justified. A hearing on a motion to withdraw a plea of guilty or nolo contendere is limited to those instances in which the defendant's motion raises substantial issues of fact or law and should be denied when the files and records conclusively show that the defendant is entitled to no relief.

It is clear that "[t]here is no constitutional right to counsel at each and every post-conviction proceeding or motion." *State v. Nunn*, 247 Kan. 576, 583, 802 P.2d 547 (1990). In *State v. Andrews*, 228 Kan. 368, 614 P.2d 447 (1980), this court discussed at length the constitutional right to counsel as the issue arose in the context of a motion for a new trial and noted that Kansas statutes provide for counsel at pretrial proceedings, at trial, on appeal, and also on K.S.A. 60-1507 motions if the trial court, after examining the merits of the motion, determines that the motion presents substantial questions of law or triable issues of fact. 228 Kan. at 373-75. This court pointed out, however, that no statute provided for counsel for motions for new trial. We discussed the United States Supreme Court application of the constitutional right to counsel:

"[T]he trend has been for the court to determine whether the matter before the court is a critical stage of the proceeding although the court has not been as willing to provide counsel in post-conviction proceedings as in pretrial proceedings.

"In *Coleman v. Alabama*, 399 U.S. 1, 9, 26 L. Ed. 2d 387, 90 S.Ct. 1999 (1970), the U.S. Supreme Court held that '[t]he determination whether the hearing is a "critical stage" requiring the provision of counsel depends, as noted, upon an analysis "whether potential substantial prejudice to defendant's rights inheres in the . . . confrontation and the ability of counsel to help avoid that prejudice." *United States v. Wade, supra*, [388 U.S.] at 227.' " 228 Kan. at 377.

This court stated:

"We think it is clear that the customary motion for a new trial which must be filed within ten days under K.S.A. 22-3501 and which is principally for the purpose of calling to the attention of the trial court alleged trial errors is a stage of the criminal proceedings which falls within the purview of K.S.A. 1979 Supp. 22-4503, and counsel must be provided for the purposes of such a motion. Are subsequent motions, filed after the ten day period and frequently after an unsuccessful appeal, seeking a new trial on the grounds of newly discovered evidence, also within the purview of the statute? We think not." 228 Kan. at 375.

In *Nunn*, 247 Kan. at 584-85, this court elaborated on the *Andrews* rule concerning appointment of counsel, again in the context of motions for new trial, stating:

"While it would simplify matters for all courts and litigants if we were to adopt a bright-line rule that counsel be appointed for all post-trial motions, such a rule would not appear to be feasible or justified. Obviously, counsel should be appointed in cases where the motion raises substantial questions of law or triable issues of fact requiring an evidentiary hearing, legal arguments, and/or briefs of the parties. It appears just as obvious that if the motion, whether or not it is the defendant's first based upon newly discovered evidence, fails to state any substantial issues of law or fact, or states sufficient facts to allow a determination based upon the motion itself, then appointment of counsel and the holding of a hearing would be unwarranted. We adhere to our prior rulings that the determination of whether to appoint counsel and hold a hearing on post-trial motions not filed 'within 10 days after the verdict or finding of guilty, or within such further time as the court may fix during the 10-day period,' is one best left to the sound discretion of the trial court considering all the circumstances of the particular case. If the trial court correctly determines from the pleadings and record that the motion raises no substantial questions of law or fact, then the refusal to appoint counsel and hold a hearing does not constitute an abuse of discretion."

We went on to hold that if a hearing on a motion for new trial is held and the State is represented, then an indigent defendant is entitled to appointed counsel to represent him or her at the hearing. 247 Kan. at 587; *cf. State v. Pierce*, 246 Kan. 183, 199, 787 P.2d 1189 (1990) (if hearing on motion to modify sentence is held and the State is represented, the defendant should be represented by counsel or should be present in person if appearing pro se).

As with motions for new trial, no Kansas statute provides for appointment of counsel for motions to withdraw a plea of guilty

or nolo contendere. In the context of whether appointment of counsel is required, motions to withdraw plea after sentencing are comparable to motions for new trial after sentencing and to K.S.A. 60-1507 motions. If a motion to withdraw a plea after sentencing reveals facts which, if true, would show manifest injustice such that withdrawal of the plea may be warranted, then the motion has clearly brought into play the substantial rights of the defendant. In that case, the motion to withdraw a plea would constitute a critical stage of the proceedings such that appointment of counsel would be necessary to protect the defendant's rights. However, as with a motion for new trial after sentencing and a 60-1507 motion, if the motion to withdraw a plea fails to raise substantial questions of law or triable issues of fact requiring an evidentiary hearing, legal arguments, and/or briefs of the parties, then the motion does not constitute a critical stage of the proceedings and due process does not require appointment of counsel.

A hearing and appointment of counsel may be required for some motions to withdraw a plea of guilty or nolo contendere. However, if there is no substantial question of law or triable issue of fact and the files and records conclusively show that the defendant is not entitled to relief on the motion, then there is no requirement that a hearing be held or that counsel be appointed.

Here, Jackson was represented by a public defender. Before entering his guilty pleas, Jackson informed the court that his brother was trying to hire a lawyer for him. The following exchange occurred:

"THE DEFENDANT: I would like to ask you a question.

"THE COURT: Okay.

"THE DEFENDANT: I've been talking to my brother. He's going to pay for me an attorney. I haven't been able to get in touch with him. I've been in D.E. I haven't been able to get in touch with him. I don't know if he's found me a lawyer or not so I'm wondering if I could somehow get in touch with my brother to see if he's got me a lawyer or something.

"THE COURT: Let me ask you this: has Mr. Loeffler [defense counsel] been a good lawyer to you?

"THE DEFENDANT: Yeah, he's been all right. I don't think he's doing all he can to help me.

"THE COURT: Do you think he's a little overloaded?

"THE DEFENDANT: Yeah.

"THE COURT: Have the courts been fair, treated you properly?

"THE DEFENDANT: Yes, sir, Your Honor.

"THE COURT: Is there anything in your background that you know that might lead me to believe that you are not mentally able to understand what you are getting yourself into? Talking about a history of mental illness, having your head injured?

"THE DEFENDANT: No.

"THE COURT: Let's do this: is your brother here?

"THE DEFENDANT: Yeah, he's in Wichita.

"THE COURT: Let's do this: why don't you tell your lawyer where they might find him right now, have your lawyer call him and find out has he hired you a lawyer, what he's going to do about that, if that's what you want to do.

"Your lawyer is a good lawyer. If you are satisfied that he's done everything right, that's just fine. If you want to, we'll see if we can get ahold of your brother, see what he has to say before we go on with this, if we can find him. We'll do whatever you want to do about that. We'll get him up here, we'll get him over to the jail to visit with you.

"If we can't, we'll tell you that. You can decide whether to go on and do it. If you don't, that's what we'll do, we will not. It's your case.

"Do you want to do that? Okay. You want to try to see if we can get ahold of him?

"THE DEFENDANT: Yeah."

The court recessed, but attempts to reach Jackson's brother were unsuccessful. Mr. Loeffler informed the court that Jackson's grandmother was unaware of whether Jackson's brother had made efforts to secure counsel for Jackson. Mr. Loeffler stated, "I consulted with Mr. Jackson about that. He says that he wishes to go on with the plea at this point, Your Honor." The court asked Jackson if that was what he wanted to do, and Jackson replied, "Yes, Your Honor."

Jackson now suggests that this record, along with his motion alleging ineffective assistance of counsel and that he was pressured into and compelled to plead guilty, does not conclusively show that he is entitled to no relief on his motion. The district court denied his motion without a hearing and without appointing counsel, holding that Jackson's contentions were conclusory and contrary to the record of the plea hearing and that he had provided no basis for withdrawal of his plea.

Jackson failed in his pro se motion to allege any facts in support of his assertions that he was pressured into and compelled to plead guilty and that his counsel was ineffective. (He also did not specify what new evidence was discovered, but Jackson's appellate brief largely ignores his claim of newly discovered evidence.) Clearly, Jackson should have designated additional facts in support of his contentions of coercion and ineffective assistance of counsel.

This court has on several occasions pointed out the burden on the movant in a K.S.A. 60-1507 motion to allege facts sufficient to warrant a hearing on the motion. We have repeatedly held that mere conclusions of the defendant or movant are not sufficient to raise a substantial issue of fact when no factual basis is alleged or appears from the record. For example, in *Burns v. State*, 215 Kan. 497, 524 P.2d 737 (1974), this court considered a defendant's claim of ineffective assistance of counsel in a K.S.A. 60-1507 motion. We stated:

"Burns' motion contends he was misled by his court-appointed attorney as well as betrayed by the county attorney. The burden of establishing incompetency of an attorney or ineffective assistance of counsel to the extent necessary to overcome the presumption of regularity of a conviction is upon the petitioner. [Citations omitted.] Mere conclusionary contentions of a petitioner for which no evidentiary basis is stated or appears are not sufficient basis for relief from conviction. [Citation omitted.]" 215 Kan. at 499-500.

See *Sullivan v. State*, 222 Kan. 222, 223, 564 P.2d 455 (1977); *Hicks v. State*, 220 Kan. 279, Syl. ¶ 2, 552 P.2d 889 (1976); *Robinson v. State*, 218 Kan. 1, 2, 542 P.2d 305 (1975); *State v. Brown*, 204 Kan. 430, 432, 464 P.2d 161 (1970); *Wisely v. State*, 201 Kan. 377, 378, 440 P.2d 632 (1968); *Wright v. State*, 5 Kan. App. 2d 494, 495, 619 P.2d 155 (1980).

Here, the defendant has failed to set forth anything but mere conclusions, and there is no evidentiary basis in the record for requiring an evidentiary hearing on, or appointment of counsel for, the defendant's post-conviction motion to withdraw his plea.

Affirmed.