NOT DESIGNATED FOR PUBLICATION

No. 112,875

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFERY DAVIES MARSHALL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES F. VANO, judge. Opinion filed January 15, 2016. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., GARDNER, J., and JOHNSON, S.J.


*Per Curiam*:  Jeffery Davies Marshall appeals from the trial court's order denying his post sentencing motion to withdraw plea as time barred. When defendants fail to withdraw a plea within the time limits stated in K.S.A. 2014 Supp. 22-3210, the defendants' motion will be time barred unless they make an additional, affirmative showing of excusable neglect. Although Marshall recognizes that he failed to withdraw his plea within K.S.A. 2014 Supp. 22-3210 time limits, on appeal Marshall argues that the trial court erred in denying his motion because the trial court should have given him an opportunity to argue excusable neglect at an evidentiary hearing. Alternatively,

1

Marshall argues that he alleged sufficient facts within his motion to establish excusable neglect. As discussed later, however, Marshall has failed to make an additional, affirmative showing of excusable neglect. Accordingly, we affirm the trial court's denial of his post sentencing motion to withdraw plea.

On April 3, 2008, in accordance with a plea agreement, Marshall pled guilty to one count of indecent liberties with a child, a severity level 5 person felony in violation of K.S.A. 21-3503(a)(1), (c). Given the severity level of this crime and Marshall's criminal history score, Marshall's sentence was presumptive prison. Under Marshall's plea agreement, however, both parties agreed to jointly recommend that the trial court grant Marshall's motion for a dispositional departure to probation. On June 27, 2008, the trial court held Marshall's sentencing hearing. The trial court granted Marshall's motion for a dispositional departure to probation, sentencing Marshall to 36 months' probation with an underlying prison term of 41 months followed by a postrelease supervision term of 24 months.

In April 2011, the State moved to revoke Marshall's probation because Marshall had been arrested for driving under the influence of alcohol. At Marshall's probation revocation hearing, Marshall admitted that he had violated his probation by driving under the influence. The trial court ultimately revoked Marshall's probation and imposed Marshall's underlying sentence.

On January 31, 2014, Marshall moved to withdraw his plea. In his motion, Marshall argued that his plea counsel, Steve Chapman, coerced him into accepting the plea. Marshall argued that Chapman failed to inform him about the State's burden of proof. Moreover, Marshall argued that Chapman allowed him to enter the plea even though there was "no factual basis or sufficient evidence sustaining or upholding any illegal or criminal intent."

2

The trial court issued an order that it would hold a nonevidentiary status conference on the motion. In the order, the trial court stated that it believed Marshall's motion was time barred but would err on the side of caution by holding the status conference. Before the status conference, Marshall filed a "Motion for Supplement to the Record." Although the motion is somewhat difficult to follow, it seems that Marshall argued that he had established excusable neglect for his untimely motion to withdraw plea because Chapman provided ineffective assistance of counsel.

At the nonevidentiary status conference, the State, Marshall, who was now on postrelease supervision, and Marshall's court-appointed attorney appeared. The State argued that Marshall was barred from withdrawing his plea because he failed to move to withdraw plea within 1 year of the termination of appellate jurisdiction as stated under K.S.A. 2014 Supp. 22-3210(e)(1). The State further argued that Marshall failed to make any persuasive arguments regarding excusable neglect to extend this 1-year time limit as stated under K.S.A. 2014 Supp. 22-3210(e)(2). Marshall's attorney countered, arguing that Marshall should be given an opportunity to assert excusable neglect at a full evidentiary hearing. The trial court disagreed and denied Marshall's motion as "jurisdictionally out of time."

*Did the Trial Court Err by Denying Marshall's Post sentencing Motion to Withdraw Plea?*

On appeal, Marshall argues that the trial court erred by denying his motion without first holding an evidentiary hearing. Marshall contends that under K.S.A. 2014 Supp. 22-3210(e)(2), the trial court should have given him the opportunity to establish excusable neglect for failing to timely move to withdraw plea at an evidentiary hearing before it could deny his motion. Alternatively, Marshall asserts that the arguments he raised within his motion to withdraw plea were sufficient to establish excusable neglect for his

3

untimely motion. Based on these arguments, Marshall asks this court to reverse and remand for an evidentiary hearing.

*Standard of Review*

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2014 Supp. 22-3210(d)(2). Generally, an appellate court reviews the trial court's denial of a post sentencing motion to withdraw plea for an abuse of discretion. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). Yet, when a motion to withdraw plea is denied without argument and additional evidence "this court applies the same procedures and standards of review as in cases arising out of K.S.A. 60-1507." 299 Kan. at 154-55. Consequently, this court exercises de novo review because it has the same access to the motions, records, and files as the trial court. 299 Kan. at 155 (citing *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 [2013]).

*Application of K.S.A. 2014 Supp. 3210(e)(1) & (e)(2)*

Under K.S.A 2014 Supp. 3210(e)(1), a defendant must move to withdraw plea post sentencing

> "within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition."

Under K.S.A. 2014 Supp. 22-3210(e)(2), however, this time limitation "may be extended by the court only upon an additional, affirmative showing of excusable neglect by the defendant." Thus, if the defendant fails to move to withdraw plea within the

4

jurisdictional time limits stated under K.S.A. 2014 Supp. 22-3210(e)(1), then the defendant must make an additional, affirmative showing of excusable neglect to the trial court in order to withdraw plea. When the defendant fails to make an additional, affirmative showing of excusable neglect, an appellate court will find the motion untimely and procedurally barred. See *Moses*, 296 Kan. at 1128.

In this case, Marshall was sentenced on June 27, 2008. Moreover, this is Marshall's first appeal. On April 16, 2009, the legislature amended K.S.A. 22-3210 to require that a motion to withdraw plea be brought within 1 year; thus, the time began to run for preexisting plea withdrawal claims on the date the statute became effective. Because the statute became effective on April 16, 2009, Marshall had until April 16, 2010, to timely withdraw his plea. See *Moses*, 296 Kan. at 1128. Nevertheless, Marshall did not move to withdraw his plea until January 31, 2014. Accordingly, to extend the K.S.A. 2014 Supp. 22-3210 (e)(1) time limits, Marshall was required to make an additional, affirmative showing of excusable neglect as stated in K.S.A. 2014 Supp. 22-3210(e)(2).

*Marshall Was Not Entitled to an Evidentiary Hearing to Establish Excusable Neglect.*

Although Marshall recognizes that he was required to make an additional, affirmative showing of excusable neglect to extend the K.S.A. 2014 Supp. 22-3210(e)(1) time limits, he asserts that he should have been given the opportunity to argue excusable neglect at an evidentiary hearing. Thus, it seems that Marshall contends he should have been given the opportunity to argue excusable neglect at an evidentiary hearing as an automatic right upon the filing of his motion to withdraw plea.

Nevertheless, our Supreme Court has explicitly rejected this argument. In *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014), our Supreme Court held that when a defendant moves postsentence to withdraw plea, that defendant is not automatically

5

entitled to an evidentiary hearing. Instead, a defendant must prove that he or she raises arguments entitling an evidentiary hearing. 298 Kan. at 969. When a defendant's motion does not raise a "substantial question of law or triable issue of fact and the files and records conclusively show the defendant is not entitled to relief on the motion," summary disposition is proper. 298 Kan. at 969 (citing *State v. Jackson*, 255 Kan. 455, Syl. ¶ 4, 874 P.2d 1138 [1994]); see also *State v. Reed*, No. 111663, 2015 WL 4716290, at *4 (Kan. App. 2015) (unpublished opinion) (quoting *Wilkerson v. State*, 38 Kan. App. 2d 732, 734, 171 P.3d 671 [2007]); *State v. Baker*, No. 106,171, 2012 WL 5392094, at *2 (Kan. App. 2012) (unpublished opinion), where this court rejected Baker's argument that he was entitled to an evidentiary hearing to prove excusable neglect because our Supreme Court has held summary disposition is proper when a defendant's motion fails to raise substantial issues of fact or law; citing *Kelly*, 298 Kan. at 971, where this court compared the manifest injustice exception under K.S.A. 60-1507 to the excusable neglect exception under K.S.A. 2014 Supp. 22-3210(e)(2), holding a defendant must show excusable neglect for the failure to timely file his or her motion within "'the motion itself or at least presented to the district court or it will not be considered on appeal.'"

Thus, Marshall's argument that the trial court should have given him the opportunity to argue excusable neglect at an evidentiary hearing fails because he was not entitled to an evidentiary hearing as an automatic right upon the filing of his motion to withdraw plea. Marshall had the burden to raise substantial questions of law or triable issues of fact, including an additional, affirmative showing of excusable neglect, in his postsentence motion to withdraw plea. Without such an argument, the trial court correctly denied his motion because he had not proved that he was entitled to an evidentiary hearing.

*Marshall Has Not Alleged Sufficient Facts Within His Motion to Support a Finding of Excusable Neglect.*

In the alternative, Marshall argues that if he was not entitled to an evidentiary hearing as an automatic right, the arguments he raised within his motion were sufficient to support a finding of excusable neglect. In his brief, Marshall points out that he raised the following arguments in his motion to withdraw plea: (1) Chapman coerced him into accepting the plea agreement; (2) there was no factual basis for the plea agreement; and (3) there were "problems with [his] plea and conviction [that] were unknown to him" as he trusted Chapman. Marshall contends that under a liberal construction of these arguments, he made an affirmative showing of excusable neglect because his failure to timely move to withdraw plea was due to his reliance on Chapman. Although Marshall does not make this connection in his brief, this is essentially what he argued in his "Motion for Supplement to the Record."

Yet, Marshall's arguments are conclusory. In his brief, Marshall asserts that his reliance on Chapman prevented him from timely moving to withdraw plea without any support for this assertion. Marshall alleges that he was coerced by Chapman without providing any examples of how Chapman coerced him or how this coercion prevented him from timely moving to withdraw plea. Marshall alleges that there was no factual basis for the plea agreement without further explanation. Moreover, Marshall alleges that he was unaware of "problems with the plea and conviction" because he trusted Chapman, implying that Chapman hid important information from him. Nevertheless, Marshall never explains what problems were hidden from him or how this would have impacted his ability to timely move to withdraw plea. When a defendant fails to allege any facts to support his or her arguments to withdraw plea, that defendant is not entitled to an evidentiary hearing because his or her arguments are conclusory. See *State v. Jackson*, 255 Kan. 455, 462-63, 874 P.2d 1138 (1994). As a result, Marshall has failed to establish

7

that he was entitled to an evidentiary hearing on his motion to withdraw plea because his arguments are conclusory.

Furthermore, even if Marshall's arguments were not conclusory, his underlying arguments do not establish excusable neglect for his untimely post sentencing motion to withdraw plea. In his brief, Marshall asserts that he made an additional, affirmative showing of excusable neglect because Chapman was ineffective during the plea process. In essence, it seems that Marshall has attempted to twist his underlying arguments as to why he should be allowed to withdraw plea into arguments as to why he has established excusable neglect for his untimely motion. Those underlying arguments concerning Chapman being ineffective during the plea process, however, do not provide this court with a persuasive explanation as to why Marshall failed to timely withdraw plea. To reach such a conclusion would be illogical. Assuming Chapman coerced Marshall into accepting the plea, how could this coercion have prevented Marshall from timely filing his motion to withdraw plea? How could any of the alleged problems with Chapman during the plea process have prevented Marshall from timely filing his motion to withdraw plea? Marshall's conclusion is especially puzzling given that nothing in the record indicates that he and Chapman had contact with one another after he was sentenced in 2008.

Again, K.S.A 2014 Supp. 22-3210(e)(2) states that the time limit under (e)(1) "may be extended by the court only upon an additional, affirmative showing of excusable neglect by the defendant." This means that the defendant must provide the court with a persuasive explanation as to why he or she was unable to timely move to withdraw plea. Here, Marshall's excusable neglect argument is wholly unpersuasive. Thus, even though Marshall argues that he alleged sufficient facts within his motion to support a finding of excusable neglect, in actuality his arguments do not establish excusable neglect.

8

*Conclusion*

In summary, Marshall has failed to establish that the trial court erred by denying his post sentencing motion to withdraw plea as time barred. Although Marshall contends that the trial court erred by not giving him the opportunity to argue excusable neglect at an evidentiary hearing, our Supreme Court has held that when a defendant moves postsentence to withdraw plea, that defendant must raise arguments proving that he or she is entitled to an evidentiary hearing within the motion itself; otherwise, summary disposition is proper. See *Kelly*, 298 Kan. at 969. Furthermore, Marshall's argument that he alleged sufficient facts within his motion to support a finding of excusable neglect is both conclusory and unfounded. Consequently, we conclude that the trial court correctly denied Marshall's post sentencing motion to withdraw plea as time barred.

Affirmed.