NOT DESIGNATED FOR PUBLICATION

No. 114,352

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VICTOR ANZUA-TORRES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed September 23, 2016. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Elizabeth A. Billinger*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., GREEN and BUSER, JJ.

*Per Curiam*:  In 2006, a jury convicted Victor Anzua-Torres of second-degree reckless murder and several other offenses related to a fatal 2005 automobile collision in which Anzua-Torres was driving while intoxicated. His convictions and sentence were affirmed on direct appeal. He later filed a K.S.A. 60-1507 motion alleging, among other things, that his trial counsel was constitutionally ineffective for failing to secure a witness to testify who would have undermined the reckless indifference element of the murder count. The district court dismissed the motion and, after a remand to allow Anzua-Torres to amend his motion, the court again dismissed the motion. Anzua-Torres appeals.

1

In 2005, Anzua-Torres was charged with one count of second-degree murder through reckless indifference, aggravated reckless battery, driving under the influence (DUI), driving without a driver's license, and driving on the left side of the road. He pled guilty to DUI and driving without a license, acknowledging that the State could prove each offense.

Evidence at trial indicated that Anzua-Torres had driven a Cadillac Escalade east in a westbound lane on a dark, snowy, windy night and struck a Jeep in a head-on collision that killed the Jeep driver. A passenger in the Escalade testified that Anzua-Torres and his girlfriend, Diana Quesada, were both drinking when they came to his house earlier that day, they picked up beer and vodka from a liquor store, and Anzua-Torres was drinking in the Escalade. They drove from the liquor store to the tire store and then drove to a house to play pool, where they continued drinking for 2 to 3 hours. When they left the house, the passenger was driving the Escalade, but Anzua-Torres later demanded to drive. Quesada insisted Anzua-Torres could drive her Escalade if he wanted to. Anzua-Torres then drove into the oncoming lane until the passenger yelled at him, and the car struck a curb and spun around making "donuts" when he corrected. The passenger attempted to exit the Escalade while it was moving, but Anzua-Torres sped up and passed a car, nearly hitting the car's open door.

Anzua-Torres then steered the Escalade into the oncoming lane of traffic to pass three cars at once. The passenger and Quesada both yelled at him about the oncoming Jeep. The passenger repeatedly told Anzua-Torres they would be killed, but Anzua-Torres showed no concern and repeatedly told the passenger, "You guys think you are smar,t" until the collision with the Jeep. At the hospital, a state trooper took a blood draw from Anzua-Torres. His blood alcohol content 2 hours after the collision was .26.

Anzua-Torres testified he had been drinking throughout the day. He knew he probably was negligent while driving because he was drunk, although he never thought

2

his actions would result in a fatal collision. He stated he cared about the lives of others and would not have driven into the Jeep if he had been sober and had seen it. The jury found him guilty of all three pending counts. The district court sentenced him to a total term of 162 months' imprisonment.

On direct appeal to this court, Anzua-Torres challenged his murder conviction and sentence. This court affirmed. *State v. Anzua-Torres*, 2008 WL 3915983 (Kan. App. 2008) (unpublished opinion). The facts adopted by that court's opinion in the direct appeal essentially reflect those reported by the passenger above.

Anzua-Torres filed a K.S.A. 60-1507 motion in 2009 raising a number of issues, including, as relevant here, a claim that his trial counsel was ineffective for failing to pursue Quesada to offer evidence contradicting the depraved heart element of his murder conviction. The district court dismissed the motion for failure to assert a cognizable claim, but a divided panel of this court reversed with respect to the ineffective assistance claim, which was the only claim raised on appeal, and ordered the district court to allow Anzua-Torres an opportunity to amend his motion with additional information. *Anzua-Torres v. State*, 2012 WL 139400, *2-3, (Kan. App. 2012) (unpublished opinion).

In an amended motion, Anzua-Torres indicated that counsel was able to take a statement from Quesada in February 2014. She stated she could not recall whether Anzua-Torres drank before driving to the tire store. When at the friend's house, nothing indicated to her that he was going to intentionally do anything dangerous with the Escalade. She stated the weather had been "drizzly" and she was asleep in the car, only waking up in the hospital. Quesada suffered a brain injury in the collision that interfered with her memory of the events. When she heard about Anzua-Torres' convictions she was "shocked" and believed it had been an accident and not the intentional killing of another. Anzua-Torres argued in the amended motion that Quesada's evidence would have refuted claims at trial that he drove erratically, as she would not have been able to sleep in the

3

Escalade. Her testimony would have refuted the claims that he had been drinking earlier in the day. He contended her testimony also would have demonstrated he was not in a state of mind to cause any intentional harm and his actions of passing a vehicle illustrated his desire to avoid an accident.

The district court dismissed Anzua-Torres' amended motion. After summarizing Quesada's proposed testimony, the court concluded that trial counsel had not made a complete investigation of her potential testimony. The court did not find, however, that trial counsel's performance was deficient. The court went on to find that "even if trial counsel was deficient in his efforts to locate and investigate Quesada and call her as a witness," Anzua-Torres had failed to demonstrate that counsel's actions were prejudicial. The court noted that Quesada's testimony would not have affected the trial's outcome, as the jurors had heard testimony about the weather, and her testimony about Anzua–Torres' actions earlier on the day of the collision would not rebut the events surrounding the fatal crash. Quesada's statement that she was asleep at the time of the collision meant she could not testify regarding the crash. Her stated beliefs about Anzua-Torres' intentions were irrelevant as intent was immaterial to the reckless second-degree murder conviction. Anzua-Torres appeals.

Anzua-Torres argues the district court held that trial counsel's performance was deficient, but it erred by finding that he failed to demonstrate prejudice, as there was a reasonable probability of a different result if the jury had heard Quesada's testimony. Anzua-Torres contends her testimony was critical because she was an eye witness who stated that there was no indication that he purposefully crashed the car, and despite the district court's diminution of the value of intentional evidence in a reckless murder case, the court failed to appreciate the likely impact of the testimony on the jury. Anzua-Torres contends the jury may reasonably have believed Quesada and, as such, should have been allowed to hear her testimony. Finally, he contends he was denied the ability to present his theory of defense by trial counsel's failure to procure Quesada's testimony.

The State argues the district court did not explicitly find that Anzua-Torres' trial counsel's performance was deficient, and, in fact, it suggested otherwise and only assumed counsel's performance was deficient for the purpose of analyzing the prejudice prong of the test under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The State further argues that trial counsel's efforts to procure Quesada's testimony were adequate. Additionally, the State contends Anzua-Torres failed to demonstrate prejudice, as none of the evidence from Quesada's testimony undermined the second-degree murder conviction. The State argues that Anzua-Torres failed to demonstrate there was a reasonable probability of a different result had the jury heard Quesada's testimony, and the court did not err by dismissing the motion.

"Ineffective assistance of counsel claims—whether based on deficient performance or conflict of interest—involve mixed questions of fact and law." *State v. Cheatham*, 296 Kan. 417, 430, 292 P.3d 318 (2013). This court applies a de novo standard to the conclusions of law. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013). For ineffective assistance of counsel claims on which there is no evidentiary hearing in the district court, we review de novo the district court's determination that relief should be denied on the motion, files, and records of the case. *Sola–Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). The burden of proof in establishing ineffective assistance of counsel is on the K.S.A. 60-1507 movant. *State v. Jackson,* 255 Kan. 455, 463, 874 P.2d 1138 (1994).

Claims of ineffective assistance of counsel for deficient performance are controlled by *Strickland. State v. Galaviz*, 296 Kan. 168, 181, 291 P.3d 62 (2012) (citing *Mickens v. Taylor*, 535 U.S. 162, 166, 122 S. Ct. 1237, 152 L. Ed. 2d 291 [2002]). To prevail on such a claim, a criminal defendant must establish (1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.,* that there is a reasonable probability the jury would have reached a different result

5

absent the deficient performance. *Bledsoe v. State*, 283 Kan. 81, 90, 150 P.3d 868 (2007); see *Strickland,* 466 U.S. at 687. Failure under either prong of the test defeats the ineffective assistance claim. *Edgar v. State*, 294 Kan. 828, 843, 283 P.3d 152 (2012) (citing *Strickland,* 466 U.S. at 697).

Anzua-Torres incorrectly characterizes the district court's order as finding that his trial attorney was constitutionally deficient. The court never made such a conclusion,;rather, it discussed what other attorneys might have done in their investigations. The court indicated counsel's investigation was not complete and stated that, "even if trial counsel was ineffective," Anzua-Torres had failed to demonstrate prejudice. Anzua-Torres relies on construing the court's opinion as holding that trial counsel was deficient and makes no argument in his brief that counsel's performance was, in fact, deficient.

Even if the district court's order can be construed to have concluded that trial counsel's performance was deficient, Anzua-Torres has not demonstrated the district court erred by determining that he failed to show prejudice. His arguments, taken separately and together, do not demonstrate there is a reasonable probability that the outcome of the trial would have been different had Quesada's testimony been offered to the jury. *Bledsoe*, 283 Kan. at 90. First and foremost, Quesada was asleep at the time of the accident, meaning that she was not an eye witness to the weather, road conditions, or Anzua-Torres' behavior or demeanor at the time the fatal accident took place. While a jury may have concluded that Anzua-Torres was not driving erratically, the jury could reasonably have attributed her sleeping to her earlier drinking rather than smooth, controlled driving, especially in light of the facts established regarding the speed at which Anzua-Torres was driving, the repeated passing, the loss of control when the vehicle spun several times, Anzua-Torres' consumption of alcohol prior to driving, and his proven blood alcohol level 2 hours after the collision. As such, Quesada's statements do not create a reasonable probability that the jury would have reached a different result, most

6

significantly because she was asleep at the time of the accident and could not have witnessed the nature of Anzua-Torres' driving or his state of mind.

Anzua-Torres stated in his brief that the purported value of Quesada's testimony was not diminished by the fact that the State charged him with an unintentional act of murder. Anzua-Torres misses the significance of the district court's distinction between intentional and reckless indifference. Quesada's statements expressed disbelief that Anzua-Torres intentionally committed murder, but the evidence she offers as an eye witness to some events preceding the actual collision does little or nothing to undermine the "depraved heart" element of the conviction. She offered no evidence that touched on Anzua-Torres' reckless indifference other than the claim that she was asleep and her recollection that it was drizzling. The rest of her statement involved either failed recollection or her unsupported opinion regarding Anzua-Torres' likely intentions.

Quesada indicated the brain injury she suffered in the collision interfered with her memory. Although she stated she did not believe Anzua-Torres drank while they put tires on the Escalade, a state trooper testified Anzua-Torres' blood alcohol level was .26. When he pled guilty to the DUI charge, Anzua-Torres acknowledged the State could prove he drove under the influence, precluding any rebuttal of his inebriated state by Quesada's unclear and impaired recollection. None of the potential evidence from Quesada rebuts the considerable evidence of Anzua-Torres' reckless indifference and, thereby, fails to indicate that there is a reasonable probability that the jury would have reached a different result if it had heard Quesada's testimony. *Bledsoe*, 283 Kan. at 90.

Anzua-Torres grounds his prejudice argument in the claim that the jury could have believed Quesada, but he neither argues nor demonstrates there was a reasonable probability the jury would have reached a different result if Quesada had testified. As such, he has not demonstrated the district court erred when it concluded he had failed to

7

satisfy the prejudice prong of the *Strickland* analysis. *Edgar*, 294 Kan. at 843; *Jackson,* 255 Kan. at 463.

Finally, Anzua-Torres attaches an additional argument to his ineffective counsel argument, contending the denial of his right to present his theory of defense is a factor to be considered when evaluating prejudice. He again relies on the unsupported contention that the district court found trial counsel was ineffective, and he otherwise cursorily alleges this deficiency prevented him from presenting a complete defense. He does not, however, indicate how he was deprived, what element of his intended defense was lacking, or how—given his own testimony at trial—he did not have a depraved heart. The jury was able to consider his theory of defense.

Affirmed.