NOT DESIGNATED FOR PUBLICATION

No. 116,496

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MANUEL IGNACIO MATA-ESTRADA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed October 20, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: This is an appeal of the denial of Manuel Mata-Estrada's K.S.A. 60-1507 motion. The district court denied the motion after conducting an evidentiary hearing at which Mata-Estrada and his trial attorney, Carol Cline, both testified. On appeal, Mata-Estrada claims the district court erred in ruling that Cline was not ineffective in representing him in the underlying criminal case. Having reviewed the record on appeal and considered the parties' appellate briefs, we find the district court did not err in denying Mata-Estrada's K.S.A. 60-1507 motion. Accordingly, we affirm the district court.

1

FACTUAL AND PROCEDURAL BACKGROUND

In late 2011 and early 2012, Mata-Estrada was charged in Johnson County District Court with four counts of sex crimes. A preliminary hearing was held, and he was bound over for trial as charged. Subsequently, Mata-Estrada entered into a plea agreement with the State. In accordance with the agreement, on April 20, 2012, Mata-Estrada pled guilty to rape and lewd fondling or touching a child over 14 years of age but under 16 years of age. In return, the State dismissed the other two counts of sex crimes. Pursuant to this agreement, the parties agreed to recommend the "low-box" sentence on the rape conviction and the "mid-box" sentence on the indecent liberties with a child conviction. The parties agreed the sentences would be served consecutively and no departure sentences would be sought at sentencing.

On May 30, 2012, Mata-Estrada was sentenced to prison for 147 months for committing rape and for 32 months for committing indecent liberties with a child. The sentences were ordered to run consecutively which resulted in a controlling sentence of 179 months. Mata-Estrada did not file a direct appeal of his convictions or sentences.

About one year later, on May 23, 2013, Mata-Estrada filed a K.S.A. 60-1507 motion which is the subject of this appeal. The district court appointed counsel, and two amended K.S.A. 60-1507 motions were ultimately filed prior to the evidentiary hearing. The State filed a motion to dismiss the new claims raised in the amended motions.

The district court held an evidentiary hearing on Mata-Estrada's second amended K.S.A. 60-1507 motion and the State's motion to dismiss the new claims on April 7, 2015. At the conclusion of the hearing, on October 26, 2015, the district court denied the K.S.A. 60-1507 motion in a 16-page typewritten order.

On appeal, Mata-Estrada concedes the propriety of the district court's order with the exception of two issues:  (1) ineffective assistance of trial counsel for not advising Mata-Estrada of his right to appeal his sentences; and (2) ineffective assistance of counsel for not reviewing the Children's Mercy Hospital medical examination report with Mata-Estrada. We will address these two issues individually after summarizing our standard of review and the law dealing with ineffective assistance of counsel claims generally.

STANDARD OF REVIEW AND GENERAL PRINCIPLES OF LAW

After an evidentiary hearing on a K.S.A. 60-1507 motion, the district court must issue findings of fact and conclusions of law concerning all issues presented. Supreme Court Rule 183(j) (2017 Kan. S. Ct. R. 222). A claim alleging ineffective assistance of counsel presents mixed questions of fact and law. Our court reviews the district court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support the district court's conclusions of law. Appellate review of the district court's ultimate conclusions of law is de novo. *Fuller v. State*, 303 Kan. 478, 485, 363 P.3d 373 (2015); *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013).

Judicial scrutiny of counsel's performance in an ineffective assistance of counsel claim is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. See *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish:  (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct.

3

2052, 80 L. Ed. 2d 674 [1984]). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

TRIAL COUNSEL'S ADVICE REGARDING THE RIGHT TO APPEAL HIS SENTENCES

On appeal, Mata-Estrada contends his trial counsel was ineffective because she never advised him of his right to appeal his sentences. For relief, he asks our court to remand the case "for further proceedings as to whether trial counsel advised Mr. Mata-Estrada of his sentencing appeal options." Among other arguments, the State asserts that, if Mata-Estrada's claim is true, he has failed to prove any prejudice. In particular, the State contends that because the sentences imposed were presumptive and the result of a plea bargain, Mata-Estrada did not have a right to appeal the sentences.

Based on Cline's testimony at the evidentiary hearing, the district court concluded that "she did in fact advise the defendant of his right to appeal following a jury conviction." In particular, the district court found "the testimony of Ms. Cline to be more credible on this issue." With regard to whether Cline advised Mata-Estrada of his right to appeal the sentences imposed in this case after his guilty pleas, the district court found:

> "With respect to Ms. Cline, she was not specifically asked by petitioner's counsel or counsel for the State if she informed her client of the right to appeal his *sentence*. Nor did petitioner unequivocally testify that trial counsel failed to inform him of his right to appeal his *sentence*. The questions posed by both counsel for the petitioner and counsel for the State focused on a direct appeal of a jury conviction rather than the appeal from a sentence imposed."

4

Mata-Estrada does not challenge the district court's finding but states the "record does not support that trial counsel had given [Mata-Estrada] any advice on sentencing appellate possibilities." While true, as the district court also found, the record does not support that trial counsel did *not* provide Mata-Estrada advice on his right to appeal his sentences. Because the pertinent questions were not posed by counsel at the evidentiary hearing, the record is simply silent on the matter. In response to this lack of proof, Mata-Estrada seeks a remand for another evidentiary hearing.

We begin our analysis by noting that the "burden of proof in establishing ineffective assistance of counsel is on the K.S.A. 60-1507 movant." *Fuller v. State*, 303 Kan. 478, 486, 363 P.3d 373 (2015) (citing *State v. Jackson*, 255 Kan. 455, 463, 874 P.2d 1138 [1994]). Moreover, the "movant has the burden of establishing the grounds for relief by a preponderance of the evidence." Supreme Court Rule 183(g) (2017 Kan. S. Ct. R. 224).

Fundamentally, in order for Mata-Estrada to prevail on his K.S.A. 60-1507 motion he had the burden to prove his claims. Inexplicably, while Mata-Estrada concedes that he failed to prove that Cline did not advise him of his right to appeal his sentences, he requests a remand in order that he may develop such evidence at a second evidentiary hearing. We know of no precedent that would permit a remand simply because Mata-Estrada failed to ask pertinent questions regarding this issue at the evidentiary hearing in order to establish the necessary record to prove his K.S.A. 60-1507 claim. Moreover, Mata-Estrada has not cited any authority that would permit this practice or provide reasons why such an exceptional procedure is appropriate under these circumstances. By failing to meet his burden of proof, Mata-Estrada has failed to prove defense counsel's performance was ineffective. Accordingly, the district court did not err in its denial of this claim.

Mata-Estrada's ineffective assistance of counsel claim also fails to show prejudice. In fact, his appellate brief does not even assert that, assuming Cline did not advise him of his right to appeal his sentences, he was prejudiced in any way. On the contrary, in reviewing the district court's order, Mata-Estrada states: "It must also be stressed that Mr. Mata-Estrada entered a plea as a result of a favorable plea agreement." In his brief, Mata-Estrada does not challenge this statement, indicate that he would not have pled guilty if his defense counsel had informed him of his right to appeal his sentences, or suggest any basis why he wanted to appeal his sentences given the favorable plea agreement. Without any assertion, let alone proof of prejudice by Mata-Estrada, the district court did not err in denying this particular claim of ineffective assistance of counsel.

Finally, we make two observations. First, Mata-Estrada's sentence was "within the presumptive sentence for [both] crime[s]." K.S.A. 2016 Supp. 21-6820(c)(1). Second, Mata-Estrada's sentence resulted "from an agreement between the state and the defendant" approved by the district court. K.S.A. 2016 Supp. 21-6820(c)(2). Generally, K.S.A. 2016 Supp. 21-6820(c)(1) and (2) provides that under either of these circumstances—as presented in this appeal—an appellate court lacks jurisdiction to review such sentences. As a result, even assuming that Cline did not advise Mata-Estrada of his right to appeal his sentences, the nature of any prejudice from this omission is difficult to ascertain.

We conclude that because Mata-Estrada failed to prove either prong of the two-part ineffective assistance of counsel standard, the district court did not err in denying this aspect of his K.S.A. 60-1507 motion. See *Sola-Morales*, 300 Kan. at 882.

TRIAL COUNSEL'S HANDLING OF THE MEDICAL EXAMINATION REPORT

During the criminal investigation, one of the girl victims was given a sexual assault examination by a physician at Children's Mercy Hospital. A four-page medical report of the examination was provided in discovery to the defense and admitted into evidence at the evidentiary hearing. A copy of the medical examination report, however, was not included in the record on appeal.

Mata-Estrada acknowledges that Cline generally reviewed the medical examination report with him, but for his second claim of ineffective assistance of counsel, he contends there was insufficient evidence that he "understood the report, the details of the report, the implications the medical evidence could have on the victim's claims, essentially that there was no medical evidence that their claims were true." Mata-Estrada also argues that because Cline did not consult the physician who authored the medical examination report and because English is his second language, she did not insure that Mata-Estrada fully understood the report prior to his decision to plead guilty.

The State responds that Cline did review the medical examination report with Mata-Estrada prior to his plea. The State maintains substantial competent evidence corroborated the district court's findings on this issue. In addition, the State argues that Mata-Estrada has failed to show prejudice because the absence of any positive findings in the medical examination report "would not have been exculpatory evidence, and it would not have affected [Mata-Estrada's] decision to plead."

In the district court's comprehensive order, it summarized Mata-Estrada's claim that the medical examination report "while not conclusively disproving [the victim's] allegations, does not provide any affirmative evidence supporting [the victim's] allegations either."

The district court detailed the important testimony regarding the medical examination report:

"Trial counsel testified that she received a copy of the Children's Mercy Hospital report after the parties were already in a posture to settle the case via a plea. Contrary to her client's allegation, she did review the contents of the report with the petitioner prior to the plea hearing. She did not show him the actual report due to HIPPA concerns, but went over the results of the examination with her client. Nor would showing the report to the petitioner have been of any benefit because the petitioner does not read English.

"[Mata-Estrada] testified that trial counsel simply told him that the report showed he was guilty of the crimes charged. In contrast, Ms. Cline testified that she told her client that they had received a report on the physical examination, the fact that no physical injury was observed did not necessarily provide a defense to the charges and if the case went to trial the report would have to be looked at more closely. The court finds Ms. Cline's testimony more credible than the petitioner's in this regard.

". . . Ms. Cline testified that during the course of her career she had seen a number of similar reports where despite the existence of confirmed sexual abuse, no physical injury was observed on the victim. . . .

"Trial counsel testified that had the petitioner's case gone to trial, the medical report would need to be explored more thoroughly, either to see if it could be used to [Mata-Estrada's] advantage, and/or to 'knock holes' in the parts of the report that disadvantaged her client. But given the fact that her client had urged her to work out a plea for him and because he admitted his guilt to her, the medical report was not a significant factor as far as she was concerned in working out a plea.

"In addition to the language from the report which was highlighted by the petitioner, the court would note the following information which was also included in the report on page 4:

'At this time [the victim] has a normal exam. A normal exam does not refute her disclosure as greater than 95% of the time even with a clear disclosure of sexual abuse there is a normal exam.'"

8

Based on this evidence, the district court found that Cline had informed Mata-Estrada of the contents of the medical examination report, and after this disclosure Mata-Estrada "remained steadfast in his desire for a plea. [Mata-Estrada] had disclosed to Ms. Cline that he was in fact guilty of the crimes to which he intended to plead guilty." Accordingly, the district court found no ineffective assistance of counsel.

We are persuaded that Mata-Estrada failed to prove Cline's ineffectiveness in handling the medical examination report. The district court's factual findings are supported by substantial evidence, and the conflicting testimony by Mata-Estrada was discounted by the district court. The appellate court does not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility. *State v. Dunn,* 304 Kan. 773, 822, 375 P.3d 332 (2016). The evidence presented at the K.S.A. 60-1507 hearing revealed that Cline, based on her 15 years of experience as a criminal defense attorney, fully understood the implications of the medical examination report and appropriately counseled Mata-Estrada regarding this document.

Finally, with regard to the prejudice prong of the ineffective assistance of counsel standard, Mata-Estrada argues that he "testified that if he understood the report, it would have made a difference to him as to whether he wanted to move forward with a jury trial." At the evidentiary hearing, Mata-Estrada did not testify regarding the nature and extent of this "difference." But Mata-Estrada did explain that it would have made a difference "[b]ecause the attorney had told me that that report, that medical report made me look guilty, and we didn't have anything to fight for at trial."

Of course, Cline did not testify that she advised Mata-Estrada that the medical examination report was inculpatory. To the contrary, Cline testified that she informed Mata-Estrada that the report, while seemingly exculpatory on its face, was not necessarily helpful to the defense. Cline also confirmed that after discussing the report with Mata-Estrada that he persisted in wanting to plead guilty because he was guilty of the offenses.

9

Given that the district court afforded Cline's testimony more weight than Mata-Estrada, we are persuaded that he did not meet his burden to show prejudice—that but for not understanding the contents of the medical examination report he would have demanded a jury trial. Thus, Mata-Estrada has not shown the requisite prejudice necessary to comply with the second prong of the ineffective assistance of counsel standard.

In summary, we have carefully considered both claims of ineffective assistance of counsel. In each instance we conclude that Mata-Estrada has failed to meet his burden of proof with regard to either the performance or prejudice prong of the ineffective assistance of counsel standard. See *Sola-Morales*, 300 Kan. at 882. Accordingly, the district court did not err in denying Mata-Estrada's K.S.A. 60-1507 motion.

Affirmed.