NOT DESIGNATED FOR PUBLICATION

No. 117,582

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

IRINEO GARCIA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Seward District Court; BRADLEY E. AMBROSIER, judge. Opinion filed August 17, 2018. Reversed and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Russell Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., STANDRIDGE, J., and RYAN W. ROSAUER, District Judge, assigned.


LEBEN, J.: Irineo Garcia appeals the district court's denial of his motion to withdraw his no-contest pleas to three counts attempted second-degree murder. Based on those pleas, the district court convicted Garcia of the attempted murder of his three children, who were then four, six and seven. The district court sentenced Garcia to serve 294 months in prison.

Well after sentencing, Garcia moved the district court to let him withdraw his plea. Garcia based the motion on two factual claims: (1) He said that both the prosecutor and his trial attorney told him that if he entered the no-contest pleas, his children would be

able to visit him in prison; and (2) He said that his attorney told him that he would be out of prison at age 49. Garcia alleged "[t]hese were the two conditions that I asked for in exchange for not going to trial," that "making me these promises . . . coerced me into the plea agreement," and that "[i]f not for my attorney and the prosecution saying that my kids would be allowed to visit me, I would not have taken the plea bargain and would have gone to trial."

The district court denied Garcia's motion without holding a hearing. The court treated the motion as one for habeas corpus relief under K.S.A. 60-1507 and applied the one-year time limit for those claims. See K.S.A. 2017 Supp. 60-1507(f). The court recognized that a motion filed beyond that time limit may still be considered if a manifest injustice would otherwise result, but said that Garcia had made "no attempt at showing manifest injustice." The court also said that "the very heart of [Garcia's] motion is almost beyond belief and warrants no further consideration by this Court."

Garcia then appealed to this court.

We begin our analysis by characterizing the motion as one to withdraw a plea. Somewhat different substantive standards apply to motions to withdraw a plea than to ones seeking habeas corpus relief, though the procedures for handling these different motions are essentially the same. Garcia filed his motion without an attorney's help, and we look to the substance of the motion to determine the standards applicable to it. See *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). Garcia's motion cited K.S.A. 60-1507, the statute for habeas claims, and K.S.A. 22-3210(d), the statute for plea withdrawals. But the substance of his claim is that he should be allowed to withdraw his plea. We will apply the standards for plea-withdrawal motions to Garcia's claim.

K.S.A. 2017 Supp. 22-3210(d) provides two different standards that a defendant might meet for plea withdrawal. Before sentencing, the defendant need only show "good

2

cause," but after sentencing the defendant must show that plea withdrawal is necessary "[t]o correct manifest injustice." Garcia filed his motion after sentencing, so the manifest-injustice standards applies.

To make that determination, we look to three factors, commonly known as the *Edgar* factors since they were first announced in a case by that name, when considering whether a defendant has shown manifest injustice. *State v. Wilson*, 308 Kan. ___, 421 P.3d 742, 747 (2018). Those factors are (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandably made. 421 P.3d at 747; *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

When a motion to withdraw plea is denied without a hearing based just on a review of the court's file, we review the matter independently because we have the same access to the motion, files, and records as the trial court does. *State v. Moses*, 296 Kan. 1126, Syl. ¶ 1, 297 P.3d 1174 (2013). The movant is entitled to an evidentiary hearing unless a review of the record conclusively shows that the defendant's allegations have no merit. *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014). The movant must allege facts sufficient to warrant a hearing. *Wilson*, 421 P.3d at 747.

Garcia's allegations, if proven in an evidentiary hearing, would provide a basis for relief under the *Edgar* standards. Under the first factor, we look at attorney competence: If Garcia's attorney gave him advice on a matter important to Garcia that was substantially wrong, that may not be competent representation. Under the second factor, we look to see whether Garcia was misled: He specifically alleges he was. And under the third factor, we look to see whether the plea was fairly and understandably made: If Garcia entered the plea relying on significant and misleading information, it may not have been fairly made. We conclude that the allegations Garcia has made, if proven, would give the district court discretion to set aside the plea.

3

There is one additional hurdle that Garcia must overcome. K.S.A. 2017 Supp. 22-3210(e) provides that a motion to set aside the plea must be made within one year of the defendant's sentencing. That deadline may be extended, but "only upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2017 Supp. 22-3210(e)(2). Excusable neglect requires some justification for the late filing beyond mere carelessness or ignorance of the law. *State v. Davisson*, 303 Kan. 1062, 1068-69, 370 P.3d 423 (2016).

Here too, Garcia has provided allegations that, if proven in an evidentiary hearing, would provide a basis for the district court to extend the one-year deadline for excusable neglect. He was sentenced in March 2013 but didn't sign his motion and send it to the court clerk until December 2016, more than two years after the deadline. He sets out two reasons for the delay. First, he had expected for a considerable time period that prison officials were merely delaying family visits until he qualified, through good behavior, for placement in a "low-medium [security]" facility: "I was told in Lansing by Unit Team staff and my wife was also told that I would have to earn low-medium camp before I would get visits from my kids." Second, he tried to get transcripts of court proceedings to help him in preparing his motion, but the district court denied that request.

The State argues that Garcia "has produced no witness from [the Kansas Department of Corrections] that told him he could have visitation after achieving, 'low-medium camp.'" The State is right that Garcia hasn't identified a specific prison staff member who would provide that testimony. But he has alleged that both he and his wife would testify that prison staff made that statement to them. That may well be admissible under hearsay exceptions applicable to admissions by opposing parties, authorized admissions, or vicarious admissions. See K.S.A. 2017 Supp. 60-460(g), (h), and (i). To determine whether an evidentiary hearing should be held on Garcia's allegations, we

4

conclude that he has provided a sufficient basis for excusable neglect to be entitled to an evidentiary hearing.

In sum, when a defendant moves to withdraw a plea, the defendant is entitled to an evidentiary hearing if the defendant presents sufficient facts so that we cannot conclusively say that the defendant is not entitled to relief. Garcia's factual allegations are enough to warrant an evidentiary hearing. On remand, the district court shall appoint an attorney to represent Garcia on the motion. See *State v. Jackson*, 255 Kan. 455, Syl. ¶ 4, 874 P.2d 1138 (1994); *State v. Machutta*, No. 102,549, 2010 WL 4103360, at *1 (Kan. App. 2010) (unpublished opinion).

We reverse the district court's judgment and remand the case for further proceedings.