NOT DESIGNATED FOR PUBLICATION

No. 120,780

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EARNEST EUGENE WALKER JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed April 10, 2020. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., HILL and STANDRIDGE, JJ.

POWELL, J.: Earnest Eugene Walker Jr. appeals the district court's summary dismissal of his postsentencing motion to withdraw plea. After pleading guilty to aggravated battery and being sentenced for that crime, Walker sought to withdraw his plea on numerous grounds. The district court summarily denied the motion. Walker now appeals, claiming his plea was unknowingly made because of the incompetence of his counsel. He also argues his plea was coerced because if he did not enter a plea, he would have been forced to sit in jail for another six months. After carefully considering Walker's arguments and the record, we find no error and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In June 2017, Walker was charged with severity level 4 aggravated battery and criminal threat, both felonies. Although initially released on bond, Walker's bond was revoked for failing to follow Pretrial Services' guidelines, and he remained in custody for the remainder of this case. Throughout the pretrial proceedings, Walker expressed dissatisfaction with his appointed attorneys, resulting in multiple appointments of replacement counsel.

At the end of February 2018, yet another attorney was appointed to represent Walker. As this attorney represented Walker during plea negotiations and the entry of Walker's plea, we will refer to this attorney as plea counsel. On March 1, plea counsel filed a motion for a continuance from the March 19 trial date because the district court was not holding any jury trials that week. The district court granted Walker a continuance to April 9. Plea counsel shortly after filed a motion to determine speedy trial time. The district court held a hearing on the issue a few days before trial and found that all relevant time periods under the speedy trial statute were attributable to Walker.

On April 10, 2018, Walker and the State reached a plea agreement. In exchange for Walker's guilty plea, the State amended the complaint by reducing the severity level of the aggravated battery count to severity level 7 and dismissing the criminal threat charge. Both parties agreed to recommend the high number in the applicable sentencing grid box and imposition of the anticipated statutory presumption of probation. At the plea hearing, the district court discussed Walker's waiver of rights and plea agreement with him, culminating in Walker pleading guilty to one count of aggravated battery. The district court accepted his plea, finding Walker made it knowingly and voluntarily. Walker was ultimately sentenced to 29 months' imprisonment but placed on probation from that sentence for 24 months.

Shortly after sentencing, the State twice moved to revoke Walker's probation. On both occasions, Walker served a short jail sentence and was reinstated on probation. On November 27, 2018, the State again moved to revoke Walker's probation alleging he had violated the terms and conditions of probation. The State filed a second warrant on December 6.

While the probation violation allegations were pending, on January 11, 2019, Walker filed a pro se motion to withdraw his plea. In it, Walker (1) objected to continuances being granted outside of his presence; (2) argued the preliminary hearing testimony of the victim, Robert Johnson, and the investigating police officer, Tiffany Dahlquist, should have been inadmissible because the witnesses lacked credibility; (3) asserted his plea counsel was ineffective because, when asked to request DNA testing on the blood found on Johnson's porch and Walker's shirt, car, and cane, plea counsel informed Walker that the Board of Indigents' Defense Services (BIDS) would not pay for the testing; and (4) claimed he was coerced into accepting the plea because he had spent eight months in jail and faced the choice of taking the plea deal or serving another six months in jail.

The district court summarily denied Walker's plea withdrawal motion, finding it did not raise a justiciable issue of law or fact.

Walker timely appeals.

DID THE DISTRICT COURT ERR WHEN IT SUMMARILY
DENIED WALKER'S PLEA WITHDRAWAL MOTION?

While Walker's pro se motion asserted several grounds justifying the withdrawal of his plea, on appeal Walker restricts his argument to three points:  (1) Counsel was incompetent for not requesting DNA testing; (2) counsel was incompetent for requesting

3

continuances against Walker's wishes; and (3) Walker was coerced into signing the plea agreement because he faced a choice between pleading guilty or serving six more months in jail. The State responds Walker's claim is conclusory because he does not argue how DNA testing would have supported his defense and because he fails to point to specific continuances that contributed to his guilty plea. The State also argues Walker was not facing another six months in jail because he entered his guilty plea the day his jury trial was scheduled to begin.

*Standard of Review*

Our review of the district court's summary denial of a postsentence motion to withdraw a plea is "de novo if there was no argument and evidentiary hearing." *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014). Under this standard, we must determine whether Walker's motion, records, and files conclusively show he is not entitled to relief. See *State v. Moses*, 296 Kan. 1126, 1128, 297 P.3d 1174 (2013).

*Analysis*

"'Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments.'" *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014).

A district court may allow a defendant to withdraw a plea postsentencing to correct manifest injustice. K.S.A. 2019 Supp. 22-3210(d)(2). "A hearing on a motion to withdraw a plea of guilty or nolo contendere is limited to those instances in which the defendant's motion raises substantial issues of fact or law and should be denied when the files and records conclusively show that the defendant is entitled to no relief." *State v. Jackson*, 255 Kan. 455, 459, 874 P.2d 1138 (1994). But, if a postsentencing motion to withdraw plea "reveals facts which, if true, would show manifest injustice such that

4

withdrawal of the plea may be warranted," then a hearing is necessary and counsel must be appointed. 255 Kan. at 461.

Manifest injustice is "something obviously unfair or shocking to the conscience." *State v. Barahona*, 35 Kan. App. 2d 605, 608-09, 132 P.3d 959, *rev. denied* 282 Kan. 791 (2006). When considering whether to grant a pre or postsentence plea withdrawal motion, courts often look to the *Edgar* factors to determine if the appropriate standard is met: "(1) whether the defendant was represented by competent counsel, (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) whether the plea was fairly and understandingly made." *State v. Aguilar*, 290 Kan. 506, 511, 231 P.3d 563 (2010); see *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). The *Edgar* factors are important "benchmarks for judicial discretion" but should not be relied on to the exclusion of other factors. *Aguilar*, 290 Kan. at 512. Not every *Edgar* factor needs to weigh in the defendant's favor in every case, and courts may consider other factors as well. 290 Kan. at 513. The defendant bears the burden to prove that denying a plea withdrawal motion rises to the level of manifest injustice. *State v. Oliver*, 39 Kan. App. 2d 1045, 1048, 186 P.3d 1220 (2008), *rev. denied* 287 Kan. 768 (2009).

A. *Competent Counsel*

Walker first argues the district court erred in summarily denying his plea withdrawal motion because it set forth facts which demonstrate his plea counsel was not competent. Walker supplies two reasons to support his claim: plea counsel did not ask for DNA testing, and plea counsel agreed to continuances outside of Walker's presence and against his wishes.

When a postsentence plea withdrawal motion alleges incompetent counsel, "the constitutional test for ineffective assistance must be met to establish manifest injustice." *Kelly*, 298 Kan. at 969. When evaluating the effectiveness of counsel, a court must

5

employ "the two-pronged *Strickland* analysis, determining: (1) whether the attorney's performance fell below an objective standard of reasonableness and (2) whether there is a reasonable probability that, but for the attorney's errors, the result of the proceeding would have been different." 298 Kan. at 969; see *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984).

> "[T]here is a strong presumption counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.' When . . . the conduct at issue preceded a guilty plea, prejudice means a reasonable probability that, but for the deficient performance, the defendant would have insisted on going to trial instead of entering the plea. 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citations omitted.]" *Kelly*, 298 Kan. at 970.

Walker's first competency argument is that plea counsel did not request DNA testing when Walker asked plea counsel to do so. On appeal, Walker attempts to recast his argument as a broader claim that plea counsel failed to take steps to secure proper expert services. But, even construing his pro se motion liberally, we cannot read Walker's motion that broadly because his motion was not concerned with obtaining expert services for his defense but with testing blood found on Johnson's porch and Walker's shirt, car, and cane. Walker's motion reads:

> "DNA blood samples had been taken from the porch, defendant's shirt, car, and cane which Mr. Johnson testified that the defendant beat him with. No forensic testing was done. In light of Mr. Johnson's mental state of being intoxicated during the incident would the State not want to insure [*sic*] that the Evidence Support Mr. Johnson's testimony? Throughout the entire proceedings defendant had requested that this DNA testing be done from each attorney who had been appointed with none responding to request until just prior to the trial date of 4/9/2018 Mr. Pate stated that BIDS would not pay for the testing in Support of the defense."

6

An attorney other than a public defender representing a defendant who is financially unable to obtain investigative or expert services necessary to present an adequate defense may file a request to the district court to have those services funded for the defendant. Upon a finding that the services are necessary and the defendant financially unable to obtain them, the district court may authorize the defendant's counsel to obtain the services and determine the reasonable compensation for those services to be paid for by BIDS. K.S.A. 22-4508.

While appointed by the district court, plea counsel was not a public defender and could have asked for DNA testing. But Walker's motion did not allege how DNA testing of the blood would support his defense as he does not dispute being on Johnson's porch or fighting with Johnson. At the preliminary hearing, Johnson admitted to striking or trying to strike Walker with the glass in his hand after Walker attacked Johnson with a cane. Walker admitted to hitting Johnson, although he claimed it was in self-defense. Dahlquist testified at the preliminary hearing that, upon arriving at Johnson's house, there was blood covering the porch and Johnson required treatment from EMS and eventually received treatment at the hospital. At a different hearing, another officer testified Walker had blood on his head and required EMS treatment.

"DNA testing is intended to confirm or dispute the identity of individuals involved in or at the scene of a purported crime." *State v. Smith*, 34 Kan. App. 2d 368, 373, 119 P.3d 679, *rev. denied* 280 Kan. 990 (2005). The facts in the record establish that both Walker and Johnson were injured in a fight on Johnson's porch and both were bleeding. A DNA test of the blood found on the porch and on Walker's shirt, car, and cane would have only confirmed these already known and admitted facts. Walker did not challenge any evidence linking him to the crime scene, only the State's theory that he was the aggressor, and Walker did not allege in his motion how DNA testing would support his self-defense argument. Because any DNA evidence would not "'tend[] to disprove a fact in issue,'" DNA testing was not necessary for Walker's defense. See *State v. Johnson*, 299

7

Kan. 890, 894, 327 P.3d 421 (2014). Plea counsel was likely correct that BIDS would not have paid for the DNA testing. As a result, plea counsel's performance was not deficient by failing to seek DNA testing.

Walker next argues his appointed counsel was incompetent because counsel repeatedly agreed to continuances against Walker's wishes and outside his presence. But clarification is required because, over the course of his case, Walker had several appointed attorneys and multiple continuances. His plea counsel was only involved in one continuance. Because Walker is alleging the district court should allow him to withdraw his guilty plea because of his plea counsel's incompetence, we focus on the continuance that occurred while plea counsel represented Walker.

On March 9, 2018, the district court held a hearing to continue Walker's jury trial. Plea counsel filed the motion to continue because the jury trial had been scheduled for March 19, but the district court was not hearing any jury trials that week and the parties and the district court had to find a new date. Plea counsel asked for a continuance until April 9. After a discussion, Walker agreed on the record to the continuance. For speedy trial purposes, the district court counted the first week against itself and charged the next two weeks to Walker.

Walker alleges plea counsel repeatedly asked for continuances against his wishes and outside of his presence. But Walker was present at the continuance hearing, and he consented to continuing his jury trial until April 9. Plea counsel's performance in asking for the continuance was not deficient as the jury trial was scheduled for a week when the district court would not be holding any jury trials. Plea counsel had little choice but to ask the district court to continue the trial until a time a trial could be held. Plea counsel asked for a three-week continuance to give himself time to prepare for the trial and to complete multiple motions Walker was asking him to file. Walker fails to allege any facts that, if

true, could show plea counsel was deficient for asking for a continuance from a jury trial date when no jury trial could be held.

Even if we consider the other continuances that Walker complains of, the record shows the district court had already done so when deciding Walker's motion to determine speedy trial time. The district court considered continuances for the periods of October 27 to November 13, 2017; November 13 to December 11, 2017; and December 11, 2017, to March 19, 2018. The district court charged the first two periods to Walker because a review of the transcripts showed Walker was present and consented to the continuances both times. The district court also charged the final period to Walker because counsel at that time had been appointed shortly before that hearing and was not available for trial until March 19. Additionally, Walker signed a consent to a continuance form, although the date was blank. The hearing transcript shows, contrary to Walker's assertion, Walker was either present and agreed on the record or signed a form agreeing to the continuances.

Finally, even if we were to assume Walker has alleged facts that, if true, show deficient performance by his counsel, Walker fails to show prejudice. Walker must allege that, but for the deficient performance, he would have insisted on going to trial. See *Kelly*, 298 Kan. at 970. Walker does not make that allegation in his motion or his brief. Moreover, even if DNA testing had been performed and no continuances had been granted, it is unlikely Walker would have insisted on going to trial. DNA testing would not have supplied additional facts to support Walker's defense, and the lack of a continuance request would have meant that Walker's jury trial would have been scheduled for a week during when it could not be held. In short, even if plea counsel had performed as Walker alleges he should have, Walker would remain in the same boat.

9

Walker's lack of competent counsel argument fails to allege any substantial issues of fact or law. As Walker does not show he is entitled to relief on this argument, no hearing by the district court was required to be held.

B.    *Coercion*

Walker also claims the district court erred in summarily denying his plea withdrawal motion because he was coerced into accepting the plea agreement. In his motion, Walker stated: "After more than 8 months incarceration + 2 days of waiting in the cold holding cell defendant was coerced into signing a plea for probation or sit in jail for another 6 months."

It is not clear from the record where Walker finds the threat of sitting in jail for another six months, but its origin is unimportant because it is not correct. At Walker's plea hearing, the district court explained the jury trial was to start the day before, but there was trouble getting a jury panel. The district court also indicated that it had a jury panel ready to go on that day and asked Walker if he understood that fact. Walker acknowledged he did. Before discussing the plea agreement, the district court asked Walker, "And you're wanting to [plead guilty], even though we now have a jury panel ready; is that correct?" Walker responded, "Yes."

Walker was not faced with the choice between pleading guilty or facing another six months in jail. His jury trial was set to begin that day. Walker does not allege any facts to show that the prior eight months in jail coerced him into signing the plea agreement. Additionally, Walker was in jail prior to his jury trial date because his bond was revoked after he violated its conditions.

Walker's coercion allegations lack factual support. His motion fails to allege any substantial question of law or fact, and Walker is not entitled to relief on this argument,

much less a hearing. The district court did not err in summarily denying Walker's motion to withdraw his plea.

Affirmed.