IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 127,346


STATE OF KANSAS,
*Appellee*,

v.

FILIBERTO B. ESPINOZA JR.,
*Appellant*.


SYLLABUS BY THE COURT


Appellate courts review de novo a district court's summary denial of a motion to withdraw plea because the appellate court has all the same access to the records, files, and motion as the district court.


Appeal from Wyandotte District Court; DANIEL CAHILL, judge. Submitted without oral argument September 12, 2024. Opinion filed October 11, 2024. Affirmed.


*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, was on the brief for appellant, and *Filiberto B. Espinoza Jr.*, appellant, was on a supplemental brief pro se.


*Lois K. Malin*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, were on the brief for appellee.


The opinion of the court was delivered by


ROSEN, J.: Filiberto B. Espinoza Jr. pleaded guilty to first-degree felony murder in 2017. He later moved to withdraw his plea, and the district court denied his request without an evidentiary hearing. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Louis Scherzer was shot in the back outside of a bar in Kansas City, Kansas, and died from the gunshot wound. Law enforcement officers eventually linked Espinoza to the shooting. The State charged him with first-degree premeditated murder, first-degree felony murder in the alternative, conspiracy to commit aggravated robbery, and attempted aggravated robbery, theorizing that Espinoza shot Scherzer during a failed robbery. Espinoza has admitted to the shooting but consistently maintained it was an act of self-defense because he shot Scherzer only when he saw Scherzer pulling a firearm from his waistband.

On September 2017, after half a day of trial, Espinoza pleaded guilty to first-degree felony murder. The district court imposed the mandatory minimum sentence of life without parole for 25 years. This court affirmed his sentence on appeal in April 2020. *State v. Espinoza*, 311 Kan. 435, 462 P.3d 159 (2020).

On January 5, 2021, Espinoza filed a motion to withdraw his plea. The district court did not rule on that motion before Espinoza filed a second motion to withdraw his plea on November 21, 2023. The district court summarily dismissed both motions on December 20, 2023. In its order, the court observed that the 2021 motion had been "missed" due to "court shutdowns and computer breaches." It ruled the 2021 motion was filed within the one-year time-limit but failed to establish it should be granted to correct manifest injustice. And it ruled the 2023 motion was filed outside of the one-year time limit and had failed to establish that excusable neglect justified its untimeliness.

Espinoza timely appealed from the denial of both motions.

2

*Did the district court err when it summarily denied the 2023 motion as out of time?*

Espinoza argues that the district court erred when it denied his 2023 motion as out of time, rather than considering its merits alongside the 2021 motion.

"When a motion to withdraw plea is summarily denied by the district court without an evidentiary hearing, this court applies a de novo review. This is because the appellate court has all the same access to the records, files, and motion as the district court." *State v. Smith*, 315 Kan. 124, 126, 505 P.3d 350 (2022).

After sentencing, a court may consider a motion to withdraw a plea "to correct manifest injustice" if the motion is filed within one year of the final order of the last appellate court to exercise jurisdiction on direct appeal. K.S.A. 22-3210(d). The court may extend the one-year time limit when the defendant shows the untimeliness was due to excusable neglect. K.S.A. 22-3210(e).

This court issued its decision in Espinoza's appeal on April 24, 2020. Under usual circumstances, this gave Espinoza until April 24, 2021, to file his motion to withdraw his plea. But on May 27, 2020, in response to the COVID-19 pandemic, this court suspended statutory deadlines. Kansas Supreme Court Administrative Order 2020-PR-058. This effectively stayed the clock on Espinoza's one-year deadline until this court reinstated deadlines on April 15, 2021. Kansas Supreme Court Administrative Order 2021-PR-20. When the suspension lifted, Espinoza had "the same number of days to comply with the deadline or time limitation" as he had "when the deadline or time limitation was . . . suspended." This put his new deadline at approximately March 14, 2022. Espinoza filed

his first motion within that deadline on January 5, 2021. But he filed his second motion on November 21, 2023, making that motion out of time.

The district court and both parties agreed Espinoza's 2023 motion was filed beyond the one-year deadline. Espinoza argued in the district court that its untimeliness should be forgiven because he established excusable neglect. The district court disagreed and summarily dismissed the motion.

On appeal, Espinoza first argues his 2023 motion was not untimely because its filing date related back to the filing date of the original, 2021 motion. But he presents his argument for the first time on appeal, and he fails to explain why we should consider this novel issue. If we were to wade into the merits, we would face inadequate appellate briefing. Espinoza cites no authority in support of his claim that an untimely motion to withdraw a plea can relate back to an earlier, timely motion. Due to the lack of preservation and underdeveloped briefing, we decline to consider Espinoza's relation back claim. See *Shelton-Jenkins v. State*, 317 Kan. 141, 144, 526 P.3d 1056 (2023) (arguments presented for first time on appeal were waived); *State v. Swint*, 302 Kan. 326, 346, 352 P.3d 1014 (2015) ("To preserve an issue for appellate review, it must be more than incidentally raised in an appellate brief; it must be accompanied by argument and supported by pertinent authority or an explanation why the argument is sound despite the lack of authority or existence of contrary authority.").

Espinoza next argues that even if his 2023 motion did not relate back to his 2021 filing date, he established excusable neglect for its untimeliness and the district court should have thus reviewed it on its merits.

This court has held that "excusable neglect resists clear definition and must be determined on a case-by-case basis." *Smith*, 315 Kan. at 127. It "implies something more

than the unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind." *Smith*, 315 Kan. at 127. "[C]arelessness or ignorance of the law on the part of the litigant or his attorney" does not establish excusable neglect. *Smith*, 315 Kan. at 128.

In his 2023 motion, Espinoza argued he should be permitted to withdraw his plea because when he pleaded, he had been unaware of video evidence from the bar next to the shooting, the victim's toxicology report, and the victim's criminal history, all of which he claims supported his self-defense theory. He also argued he would not have pleaded had he been aware he was entitled to self-defense immunity and suggested he was "forced" to take the plea because he was afraid of being sentenced to a hard 50. He conceded he had filed outside of the one-year deadline but argued the untimeliness of this motion was due to excusable neglect because he did not discover the existence of the video and toxicology report until he returned from Arizona after being "farmed out" to Arizona from October 2019 through December 2020 due to COVID-19. He asserts that he repeatedly attempted to secure this evidence but was continually denied.

The district court held Espinoza had not established excusable neglect. It ruled:

"Each of the items the Defendant claims he was unaware of make their appearances in various stages during the pendency of the case. The video the Defendant states he only became aware of while in custody, was actually referred to at preliminary hearing and [was] the subject of a defense motion to exclude that very video. The Defendant attaches to this motion the very toxicology report, as an entered exhibit in this case, that he states was unavailable to him to file a timely motion. Defendant claims he attempted to communicate with trial counsel in order to obtain these items along with a copy of the victim's criminal history, but he never explains how not having these items in his personal possession prevented him from filing a motion in a timely manner."

On appeal, Espinoza does not point to any error in the district court's reasoning. He argues the toxicology report was "not available to him within the year following the final judgment of the Supreme Court" and repeats the assertion that he did not become aware of the video footage until after he returned from Arizona. He also adds that he "only became aware of" a "potential statutory immunity defense . . . after viewing the video and researching the matter further" and that his counsel's failure to uncover the victim's criminal history was "not available to him" until after the one-year deadline passed. In sum, Espinoza argues, he demonstrated excusable neglect because "delays not directly attributable to him were created due to a number of circumstances beyond his control, which included a historic pandemic and unreasonable refusals to provide him with trial and discovery materials."

The record confirms the district court's observations and supports its conclusions. Espinoza moved to suppress the video footage before trial, and the district court held a hearing on that motion, at which Espinoza was present, and two witnesses testified about the available video footage and its contents. At trial, the video footage was admitted into evidence and played for the jury. The record also reveals that the victim's toxicology report, which Espinoza submitted as an attachment to his motion, was admitted into evidence at the preliminary hearing during which Espinoza was present.

As the district court pointed out, Espinoza has failed to explain why he was not aware of the video and toxicology report when they were both presented and admitted as evidence while he was present. One can imagine the pressures of a criminal trial could possibly leave a criminal defendant in the dark about many details of the proceedings, but Espinoza has made no claim about what caused him to miss the evidence that the State put in front of him. And, even if he had, this court has held that excusable neglect is "'something more than the unintentional inadvertence or neglect.'" *Smith*, 315 Kan. at 127. Without further explanation from Espinoza, we cannot attribute his ignorance of the

toxicology report and video as anything more than "unintentional inadvertence or neglect." *Smith*, 315 Kan. at 127. He also fails to explain why he could not uncover the victim's criminal history record, learn about statutory self-defense immunity, or realize he felt pressured into taking the plea until six years after his plea. As a result, Espinoza had not established that excusable neglect caused the untimeliness of his 2023 claims.

Espinoza adds an additional argument to support his excusable neglect claim in a supplemental brief. He argues that the district court's failure to rule on his 2021 motion led to the untimeliness of his 2023 motion.

Espinoza's argument is unpersuasive. It appears the 2023 motion triggered the discovery of the 2021 motion, but Espinoza fails to explain how the inaction on the 2021 motion prevented him from filing the second motion until 2023 or uncovering the information he relies upon to advance the claims in that motion.

Espinoza has not established the untimeliness of his 2023 motion was due to excusable neglect and, consequently, the district court made no error when it summarily denied the motion.

*Did the district court err when it summarily denied the 2021 motion on its merits?*

Espinoza claims he raised issues of fact regarding whether he could establish manifest injustice and thus the district court should have held a hearing on his motions. We have affirmed the district court's decision to summarily dismiss the 2023 motion as out of time. Thus, we consider the merits of only the 2021 motion and again affirm the district court.

7

In his 2021 motion, Espinoza argued his plea was not understandingly made because, based on the court and his counsel's advice, he believed he would be automatically released after 25 years.

The district court rejected Espinoza's claims and summarily denied the motion because the record revealed that Espinoza had been repeatedly informed of the minimum possible sentence of life without the possibility of parole for 25 years.

On appeal, Espinoza concedes that "[r]ead alone, there is nothing readily apparent or significant in the plea or sentencing transcripts indicating [his] inability to understand his plea." But, he argues, "the motion states facts, which if true, would entitle him to relief."

Because the district court summarily denied the motion, our review is de novo. *Smith*, 315 Kan. at 126.

A district court may grant a timely, postsentence motion to withdraw a plea to correct manifest injustice. K.S.A. 22-3210(d)(2). Courts generally consider three factors in assessing whether the movant has established manifest injustice: "'(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made.'" *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018) (quoting *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 539 [2014]).

If the motion alleges that counsel was ineffective, the defendant must meet the constitutional test for ineffective assistance of counsel to prevail. *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014). This requires a showing that "the attorney's performance fell below an objective standard of reasonableness" and "there is a reasonable probability

that, but for the attorney's errors, the result of the proceeding would have been different." *Kelly*, 298 Kan. at 969.

There are no statutory guidelines for when a court should hold an evidentiary hearing on a motion to withdraw a plea, so this court has directed courts and parties to follow K.S.A. 60-1507 procedures. As such, "[a] hearing on a motion to withdraw a plea of guilty or nolo contendere is limited to those instances in which the defendant's motion raises substantial issues of fact or law and should be denied when the files and records conclusively show that the defendant is entitled to no relief." *State v. Jackson*, 255 Kan. 455, 459, 874 P.2d 1138 (1994).

This case resembles *State v. Fritz*, 299 Kan. 153, 156, 321 P.3d 763 (2014). There, the defendant argued the district court erred in summarily denying his motion to withdraw a plea. He asserted his plea was not understandingly made because he had not been sleeping well when he entered his plea, "which left him vulnerable to pressure from his attorney, who urged him to enter into the plea and who misled him as to the sentence that he would receive. In addition, he believed there were defenses to some or all of the charges against him." *Fritz*, 299 Kan. at 156. This court affirmed the district court's summary denial because the defendant made only "conclusory allegations" while the record indicated "the district court went over the plea agreement in detail" and "inquired whether Fritz was satisfied with the services provided by his attorney, whether he had any complaints about the manner in which he had been counseled, and whether he had been subject to any threats or promises beyond the specific language of the plea agreement." 299 Kan. at 156-57.

Like in *Fritz*, the district court made no error when it summarily denied Espinoza's 2021 motion. As the district court observed, Espinoza signed the plea petition, which stated he was agreeing to "a maximum punishment which . . . is life eligible for parole

after 25 years . . . a fine of $500,000 and post release supervision of life." And, at the plea hearing, the district judge told Espinoza:

> "The maximum penalties for this crime, the maximum and minimum penalties are life in prison and you would not be able to be paroled until after the passage of 25 years. It also has a possibility of a fine of $500,000 if the Court found that you could pay that fine.
>
> "You have an obligation to register for the rest of your life and you have signed a notice of the duty to register and Mr. Boone will help you fill out the registration form."

The court asked Espinoza, "Do you understand that?" to which Espinoza replied, "Yes." The court continued, asking Espinoza, "Has any officer or branch of government promised, suggested, or predicted that you'll receive a lighter sentence or probation or any other form of leniency if you plead guilty? Anybody promise you anything if you plead guilty other than that they would dismiss the other charges and consecutive sentence?" Espinoza replied, "No."

Espinoza's own attorney also questioned him about his understanding of the plea:

> "MR. BOONE:  Filiberto, you know you are entering a plea of guilty today, correct?
>
> "THE DEFENDANT:  Yes.
>
> "MR. BOONE:  And I read that to you word for word, correct?
>
> "THE DEFENDANT:  Yes.
>
> "MR. BOONE:  And I asked you if you wanted to read it. You told me you did not need to, correct?

10

"THE DEFENDANT: Yes.

"MR. BOONE: Do you have any questions for me or the Court at this point and time?

"THE DEFENDANT: No.

. . . .

"MR. BOONE: Is this your decision to enter a plea here today?

"THE DEFENDANT: Yes.

"MR. BOONE: You're entering this plea freely and voluntarily of your own free will.

"THE DEFENDANT: Yes.

"MR. BOONE: Am I forcing you to enter this plea?

"THE DEFENDANT: No.

. . . .

"MR. BOONE: I've been appointed to you for quite some time. Are you satisfied with my advice?

"THE DEFENDANT: Yes."

Espinoza asserts that his counsel and the court misled him into believing he would be released after 25 years. But he cites no specific behaviors or comments that led to this belief. He noted in his original motion that the district court did not explain "the

11

'possibility or eligibility' of parole." But Espinoza does not allege that he did not understand that language and confirmed on the record that he had no questions.

In light of the record indicating Espinoza was fully informed, Espinoza's conclusory allegations in his 2021 motion regarding his understanding of his sentence did not raise a "substantial issue of fact" requiring an evidentiary hearing. *Fritz*, 299 Kan. at 156 ("Mere conclusions of the defendant are insufficient to raise a substantial issue of fact when no factual basis is alleged or appears in the record."). Consequently, the district court made no error when it summarily denied the motion.

The district court is affirmed.