NOT DESIGNATED FOR PUBLICATION

No. 127,420

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMY L. COLLINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed February 20, 2026. Affirmed.

*Mark Sevart*, of Wichita, for appellant, and *Jeremy L. Collins*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., HILL and ATCHESON, JJ.

PER CURIAM: Jeremy L. Collins appeals the district court's summary denial of his postsentence motions to withdraw his plea and seeking to dismiss the charge against him after he pled guilty to unlawfully tampering with an electronic monitoring device while on postrelease supervision. Finding no manifest injustice to support the withdrawal of Collins' plea or the dismissal of the charge, the district court summarily denied Collins' motions. Based on our review of the record on appeal, we also find that Collins has failed to establish manifest injustice. Thus, we affirm the district court's summary denial of Collins' motions.

1

FACTS

On May 11, 2016, a jury convicted Collins of aggravated assault on a law enforcement officer. As a condition of being placed on postrelease supervision in September of 2018, Collins was required to wear a Global Positioning System (GPS) monitoring device. Shortly thereafter, Collins removed his GPS monitoring device without permission and was charged with a single count of illegally tampering with an electronic monitoring device in violation of K.S.A. 2018 Supp. 21-6322(a).

While this case was pending before the district court, Collins elected to represent himself. After filing several unsuccessful pretrial motions challenging the authority of the Kansas Department of Corrections (KDOC) to require him to wear a GPS electronic monitoring device while on postrelease supervision, Collins entered into a plea agreement with the State. In exchange for Collins' guilty plea, the State agreed to recommend that the district court grant him a dispositional departure.

At the plea hearing, the district court conducted a colloquy with Collins where it discussed his understanding of the charges, the plea agreement, and the rights that he was giving up. After finding that Collins' plea was knowingly and voluntarily made, the district court found him guilty of unlawfully tampering with an electronic monitoring device. Subsequently, the district court sentenced Collins to 46 months in prison but suspended the sentence and placed him on probation.

Collins' conviction was upheld on direct appeal. However, while his appeal was still pending, the district court determined that Collins violated the terms of his probation on two separate occasions. On the second occasion, the district court revoked his probation and ordered him to serve a modified sentence of 28 months in prison.

On January 3, 2023, Collins filed a postsentence motion to withdraw his plea and a motion to dismiss the charge against him. A few weeks later, the district court issued a memorandum order summarily denying the motions. In its six-page order, the district court explained that it had reviewed the court files—which included approximately 70 pro se pretrial motions, notices, and other pleadings filed before Collins entered his plea—and found that Collins had failed to allege a sufficient rationale in his motions to warrant an evidentiary hearing. Moreover, the district court determined that Collins failed to establish manifest injustice supporting either his postsentence motion to withdraw his plea or to support dismissal of the charge against him.

ANALYSIS

On appeal, Collins contends that the district court erred in summarily denying his postsentence motions. Because we have the same access to the motions, records, and files as the district court, our review is unlimited. *State v. Grant*, 320 Kan. 835, 838, 572 P.3d 788 (2025). Similarly, our review is unlimited to the extent that the issue presented requires statutory interpretation. 320 Kan. at 838.

A district court may grant a timely motion to withdraw a plea after sentencing to correct manifest injustice. K.S.A. 22-3210(d)(2). The burden is on the movant—in this case Collins—to establish manifest injustice. *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021). In addition, the movant "bears the burden to allege facts sufficient to warrant a hearing." *State v. Wilson*, 308 Kan. 516, 521, 421 P.3d 742 (2018).

The term "manifest injustice" means something "'obviously unfair or shocking to the conscience.'" *State v. Terning*, 57 Kan. App. 2d 791, 796, 460 P.3d 382 (2020). In considering whether the movant has established manifest injustice, Kansas courts generally look to three factors including: "'(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or

3

unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made.'" *State v. Espinoza*, 319 Kan. 653, 658-59, 556 P.3d 882 (2024). These factors—also known as the *Edgar* factors—serve as benchmarks for determining whether the movant has sufficiently shown manifest injustice. But they are not to be applied mechanically, and the district court may consider other relevant factors. *State v. Bilbrey*, 317 Kan. 57, 62-63, 523 P.3d 1078 (2023), citing *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

In his brief, Collins does not address any of the *Edgar* factors. As discussed above, he represented himself in the underlying criminal case, so the first factor does not apply. Furthermore, he makes no claim that he was misled, coerced, mistreated, or otherwise taken advantage of in entering his guilty plea. He also does not claim that his guilty plea was not fairly and understandably made. Instead, Collins seeks to rehash arguments that were litigated in district court prior to him entering his plea or filing his direct appeal. Specifically, he continues to suggest that the "KDOC did not have authority to order electronic monitoring to a degree of triggering a [new crime under K.S.A. 201(8) Supp. 21-6322(a)]." In addition—notwithstanding his guilty plea—he argues that the State could not prove the elements to show he violated K.S.A. 2018 Supp. 21-6322(a).

K.S.A. 2018 Supp. 21-6322(a) defines "[u]nlawfully tampering with electronic monitoring equipment" to mean "knowingly and without authorization, removing, disabling, altering, tampering with, damaging, or destroying any electronic monitoring equipment used pursuant to court ordered supervision or *as a condition of post-release supervision* or parole." (Emphasis added.) Because Collins chose to plead guilty to violating K.S.A. 2018 Supp. 21-6322(a), his guilty plea was an "admission of the truth of the charge and every material fact alleged therein. . . . " *State v. Mattox*, 305 Kan. 1015, 1031, 390 P.3d 514 (2017). Consequently, Collins admitted that his criminal conduct violated K.S.A. 2018 Supp. 21-6322(a).

4

We find Collins' argument about the KDOC lacking authority to order him to wear electronic monitoring—as a condition for his postrelease supervision—to be unpersuasive. In fact, the record reflects that Collins signed a document recognizing that he was subject to electronic monitoring as a condition of postrelease supervision. We also note that the arguments Collins pursues in this appeal were extensively litigated in the district court before he entered his plea and before he filed his direct appeal. As such, these arguments either were or could have been presented in his direct appeal. See *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014) (The doctrine of "res judicata" provides that "all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.").

We also find Collins' argument that the charging document was defective for allegedly omitting an essential element of K.S.A. 2018 Supp. 21-6322(a) to be misguided. Collins seems to suggest that an express reference to an Internal Management Policy and Procedure (IMPP) form must be included in the charging document in order for it to be valid. But nothing in K.S.A. 2018 Supp. 21-6322(a) mandates a reference to an IMPP document. Instead, the statute only required the State to prove that Collins knowingly and without authorization tampered with an electronic monitoring device that he was required to wear as a condition of his postrelease supervision. K.S.A. 2018 Supp. 21-6322(a). By pleading guilty to violating K.S.A. 2018 Supp. 21-6322(a), Collins not only admitted to committing the crime but also to every material fact alleged in the charging document. See *Mattox*, 305 Kan. at 1031.

Finally, Collins asserts that the State committed a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), by allegedly withholding exculpatory evidence. But Collins' argument is not actually that the State withheld exculpatory evidence from him. Instead, he argues that the district court improperly determined as a matter of law that GPS monitoring was authorized as a condition of his

5

postrelease supervision. We find nothing in the record to suggest that a *Brady* violation occurred.

In sum, we find that Collins is unable to show manifest injustice. See *Hutto*, 313 Kan. at 745. He also fails to raise a substantial issue of fact or law requiring an evidentiary hearing. See *Wilson*, 308 Kan. at 521. Ultimately, Collins is attempting to rehash unpersuasive arguments that he previously presented to the district court prior to entering his guilty plea or filing his direct appeal. Under these circumstances, we conclude that the district court's summary denial of Collins' postsentence motion to withdraw his plea and to dismiss this case was not improper. Therefore, we affirm the district court.

Affirmed.